**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MICHAEL RODMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>SAFEWAY, INC.,<br><br>Defendant-Appellant. | No.　15-17390<br><br>D.C. No. 3:11-cv-03003-JST<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted June 12, 2017
San Francisco, California

Before:  SCHROEDER and N.R. SMITH, Circuit Judges, and PIERSOL,[**] District Judge.

Safeway appeals the district court's class action judgment of nearly forty-

two million dollars in this case arising out of an online grocery shopping program

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

initiated in 2001. The judgment was entered after the court certified the class, granted summary judgment on both the disputed legal issues relating to contract interpretation, and on Safeway's affirmative defense of voluntary payment. Safeway then entered into a stipulated judgment as to any remaining issues in order to facilitate this appeal. There are no material issues of fact and all legal issues arise under California law. We acknowledge the district court's able administration of the case and affirm the judgment.

This appeal centers around whether Safeway promised its customers price parity between online and physical stores. The parties dispute the meaning of the product pricing clause in the Special Terms governing online grocery sales. The clause states:

> The prices quoted on our web site at the time of your order are estimated prices only. You will be charged the prices quoted for Products you have selected for purchase at the time your order is processed at checkout. The actual order value cannot be determined until the day of delivery because the prices quoted on the web site are likely to vary either above or below the prices in the store on the date your order is filled and delivered.

Rodman argues these terms promised its customers price parity between online and physical stores. Rodman argues the second sentence references prices quoted *in the physical store*, which is supported by the reference to "checkout" in the second sentence (which occurs in the physical store) and the reference to "in

2

the store" in the third sentence. Safeway contends that the second sentence references prices quoted *on the website,* which is bolstered by the language in the first and third sentences which expressly reference "prices quoted on the web site." Safeway also argues for the first time on appeal that the third sentence confirms that it did not promise price parity, because that sentence explains online prices are merely derived from in store prices. We agree with the district court that both interpretations are reasonably susceptible readings of the Special Terms. We also agree with the district court that the extrinsic evidence supports Rodman's reading.

The district court correctly determined that the modification clause in the Special Terms did not allow Safeway to unilaterally amend the Special Terms without notice. Safeway cites no authority from California law suggesting that a merchant may modify a consumer contract and bind the consumer without any form of notice. What authority does exist counsels that California would not enforce a modification without notice. *See Nguyen v. Barnes & Noble*, *Inc.*, 763 F.3d 1171, 1177 (9th Cir. 2014); *Roling v. E\*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1189–91 (N.D. Cal. 2010); *Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal. App. 3d 987, 993 (1972) ("When [an] offeree does not know that a proposal has been made to him" there can be no mutual assent.).

The district court also correctly held that Safeway was not entitled to mount a voluntary payment defense. It is questionable whether such a defense is available in an action for breach of contract, rather than restitution. Safeway provides no authority that California has extended the defense from restitution to legal claims, but even assuming it is, the defense fails in this case. The defense requires full disclosure and the undisputed evidence shows that Safeway did not make a full disclosure. *See U. S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, 2014 WL 2199428, at *10 (S.D. N.Y. May 23, 2014); *In re Checking Account Overdraft Litig.*, 275 F.R.D. 666, 677–78 (S.D. Fla. 2011); *Gutierrez v. Wells Fargo & Co.*, 622 F. Supp. 2d 946, 955 (N.D. Cal. 2009).

There was no error in certifying the class. The legal issues pertain to all class members. None of the offered extrinsic evidence in this case went to individual conversations and representations made to individual class members, but instead went solely to class wide advertising and publicity by Safeway. This case therefore materially differs from *Avritt v. Reliastar Life Insurance Co.*, 615 F.3d. 1023 (8th Cir. 2010).

**AFFIRMED**.